PER CURIAM.
WRIT DENIED: Relator’s sentence of 10 years at hard labor and a fine of $150,-000.00 with an additional one year imprisonment if he should default in payment of the fine was a part of the plea agreement between the state and the defense. The record in this case reflects that relator had retained counsel during the guilty plea proceedings and that the issue of relator’s indigency status, if applicable, was never raised by the defense. It is only now during the post-conviction process that relator claims to be indigent, and thus, argues that the additional one year imprisonment in default of payment of the fine is unconstitutional. Fines are payable immediately upon imposition of sentence. La.C.Cr.P. art. 888. Therefore, relator had an opportunity to pay the fine before any indigency which may have been caused by his subsequent incarceration. Since relator chose not to do this, he cannot claim his indigency status in post-conviction proceedings. Accordingly, the trial judge did not err in denying relator’s application for post-conviction relief.